Citation Nr: 1536764 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 12-04 856A ) DATE
 )
 )
On appeal from the
Department of Veterans Affairs Regional Office in Hartford, Connecticut


THE ISSUES

1. Entitlement to service connection for right lower extremity peripheral neuropathy (of a nerve other than the cutaneous nerve), to include as secondary to a service-connected right ankle sprain.

2. Entitlement to a compensable rating for residuals of a right superficial lateral cutaneous nerve injury. 

3. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: Leann Baker


WITNESS AT HEARING ON APPEAL

Appellant
ATTORNEY FOR THE BOARD

M. Yuan, Associate Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from December 2009 to September 2010. The matter of service connection for right lower extremity peripheral neuropathy (other than of the cutaneous nerve) is on appeal from a February 2011 rating decision of the Hartford, Connecticut Veterans Affairs (VA) Regional Office (RO). The matter of the rating for residuals of a superficial lateral cutaneous nerve injury is before the Board on appeal from a February 2012 rating decision by that RO that granted service connection for such disability, rated 10 percent, effective May 6, 2011. In May 2011, a hearing was held before a Decision Review Officer (DRO) at the RO. In July 2013, a videoconference hearing was held before the undersigned. Transcripts of both hearings are in the Veteran's record. In September 2014 the case was remanded for further development.

[The September 2014 Board decision decided an appeal seeking an increased rating for a right ankle disability, and that issue is no longer on appeal.] 

In June 2015 correspondence, the Veteran's representative raised a claim for a temporary total (convalescence) rating for the right ankle disability. That matter has not yet been adjudicated by the Agency of Original Jurisdiction (AOJ); hence, the Board does not have jurisdiction to review it at this time, and it is referred to the AOJ for appropriate action.

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.




REMAND

The prior (September 2014) remand instructed the AOJ to obtain updated records of all VA evaluations or treatment the Veteran had received for the disabilities remaining on appeal. A review of the record found that such action was not completed. The most recent records of VA treatment in the record, aside from an April 2015 right ankle treatment record Veteran himself submitted, are dated in December 2012; the report of the March 2015 VA examination conducted pursuant to the Board's remand cites to July 2014 VA podiatry records. As more recent VA treatment records pertinent to the instant claims are shown to exist, are constructively of record, and were not secured as ordered in the prior remand, corrective action is necessary. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

Pursuant to the Board's prior remand, March 2015 correspondence to the Veteran included a formal application for TDIU, which he was to complete and return. To date, he has not done so. His claim for TDIU is premised on his allegation that he has not been able to work postservice due, in part, to neuropathic pain, from his service connected residuals of a right superficial lateral cutaneous nerve injury (and other peripheral nerve disability for which service connection is sought). Therefore, the TDIU claim is inextricably intertwined with the service connection and increased rating issues remaining on appeal, and also dependent (for further adjudication) on his cooperation (completing the application). If he does not so cooperate in a timely fashion, such claim will have to be considered abandoned. 

Accordingly, the case is REMANDED for the following:

1. The AOJ should secure for the record complete copies of all updated (to the present) records of VA evaluations and/or treatment (not already in the record) that the Veteran has received for his service-connected, and those for which service connection is sought, disabilities, to include all such records dated since December 2012 (and specifically the podiatry records cited in the March 2015 VA examination report).

2. The AOJ should then review the record, arrange for any further development suggested by information received, and readjudicate the claims (including for TDIU, if the Veteran completes the application he was sent within the period of time specified by regulation. If not that claim should be dismissed as abandoned.). If any remains denied, the AOJ should issue an appropriate supplemental statement of the case and afford the Veteran and his agent opportunity to respond before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
GEORGE R. SENYK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).